

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2009

# Crawford v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3377

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Crawford v. Levi" (2009). *2009 Decisions.* Paper 1780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-57                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3377
_____

AKINTUNDE CRAWFORD,
                                    Appellant

v.

TROY LEVI, WARDEN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-04892)
District Judge:  Honorable R. Barclay Surrick

_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2008

Before: McKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: March 04, 2009)
_____

OPINION
_____

PER CURIAM

     Following a jury trial in the District Court, Appellant Akintunde Crawford and

several codefendants were convicted of various crimes related to bank fraud and identity

theft. Before he was sentenced, Crawford filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, which he amended on January 7, 2008. Appellee then moved to dismiss the amended habeas petition. By order dated July 25, 2008, the District Court granted Appellee's motion and dismissed Crawford's amended § 2241 petition.[1] Crawford timely appealed from that order. For the reasons that follow, we will affirm.

The District Court correctly found that Crawford could not challenge his conviction via § 2241. This is because the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Nothing in the record suggests that Crawford's case fits within the narrow class of circumstances where a § 2255 motion would in fact be inadequate or ineffective to challenge his conviction.[2] There being no substantial question presented by Crawford's appeal from the dismissal of his amended § 2241 habeas petition, we will summarily affirm the District Court's order dismissing the case for lack of jurisdiction. See LAR 27.4; I.O.P. 10.6.

---

[1] Although the District Court did not so specify, we necessarily view its dismissal as jurisdictional in nature and not a determination on the merits.

[2] As the Government noted below, the appropriate course for Crawford is to file a direct appeal, which he has now done. That appeal is pending, and upon its resolution Crawford can then pursue his remedies under 28 U.S.C. § 2255.